**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6714**

LEON CHEATHAM,

              Plaintiff - Appellant,

        v.

WILLIAM MUSE, Chairman, Virginia Parole Board; HAROLD CLARK,
Director, Virginia Department of Corrections,

              Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:13-cv-00320-CMH-TRJ)

Submitted:  August 30, 2013        Decided:  September 5, 2013

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Leon Cheatham, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Cheatham, a Virginia prisoner, filed an action under 42 U.S.C. § 1983 (2006) claiming that the Virginia Parole Board ("Board") had improperly found him ineligible for parole. The district court found that the complaint was duplicative of another action which had been dismissed without prejudice on December 28, 2012. Thus, on April 12, 2013, the district court dismissed Cheatham's complaint with prejudice as duplicative. Cheatham's other, essentially identical, case was dismissed without prejudice to Cheatham's filing a 28 U.S.C. § 2254 (2006) petition. The court found that Cheatham's claim could not be brought in a § 1983 action. See Cheatham v. Muse, No. 1:12-cv-01403-CMH-TCB (E.D. Va. Dec. 28, 2012). Cheatham timely appealed, but, on February 14, 2013, we granted Cheatham's motion to dismiss his appeal of the December 28 order under Fed. R. App. P. 42(b). In the instant appeal, Cheatham challenges the district court's April 12 order. We vacate and remand for further consideration of his complaint.

While Cheatham's second complaint was duplicative, his first complaint was dismissed without prejudice. Moreover, the district court erred in concluding that Cheatham's first complaint was improperly filed as a § 1983 action. If Cheatham succeeded on his complaint, it would, at most, have resulted in a parole hearing where the Board would have full discretion to

2

deny parole.  Because Cheatham's claim would not necessarily result in a speedier release, it does not lie at "the core of habeas corpus" and, therefore, may be pursued in a § 1983 action.  Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).

Accordingly, we vacate the district court's dismissal order and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED